IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOMINIK UHEREK,
    *Petitioner*,

v.

ICE HEADQUARTERS, ERO
REMOVAL DIVISION, *et al*.
    *Defendants*.

Civil Action No. ELH-20-2778

**MEMORANDUM**

The self-represented petitioner, Dominik Uherek, filed a Petition for Writ of Habeas Corpus on September 24, 2020, alleging that he had been unlawfully detained pending removal from this country by respondent, the United States Immigration and Customs Enforcement ("ICE"). ECF 1 (the "Petition"). Uherek sought immediate release until the United States Immigration and Customs Enforcement ("ICE") obtained the necessary paperwork for his deportation. *Id.*

On December 10, 2020, respondent filed a motion to dismiss, asserting that the Petition should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). ECF 6 (the "Motion"). Specifically, respondent contends that the instant dispute is now moot because ICE obtained a travel document and removed Uherek from the United States to the Czech Republic on November 4, 2020. *Id.* at 5.

For the reasons set forth below, the Petition will be dismissed, as moot.

**I. Factual Background**

Uherek, a native and citizen of the Czech Republic, was admitted to the United States on February 19, 2018, pursuant to the Visa Waiver Program ("VWP"). *Id.* at 1-2; ECF 6-1 at 2.

Under the VWP, Uherek received "authorization to remain in the United States for a temporary period not to exceed May 19, 2018." ECF 6-1 at 2. As a condition of admission to the United States, petitioner waived his "right to contest any removal action, other than on the basis of an application for asylum" *Id.*; *see also* 8 U.S.C. § 1187(b)(2).

Uherek remained in the United States after May 19, 2018. ECF 6-1 at 2. On July 2, 2019, he was arrested by ICE officers, served with a with a "Final Administrative Removal Order," and detained. ECF 6 at 2; *see* ECF 6-1 at 4. While detained, petitioner applied for asylum and withholding of removal under 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A), and protection under the Convention Against Torture. ECF 6 at 2 n.1; ECF 6-1 at 8. On October 15, 2019, an immigration judge denied the relief requested by petitioner. ECF 6-1 at 4, 8. On July 1, 2020, the Board of Immigration Appeals affirmed the order of the immigration judge and dismissed petitioner's appeal. *Id.* at 8, 10-11.

Uherek filed his petition while he was detained at the Worcester County Detention Center in Snow Hill, Maryland. ECF 1 at 1, 8. Petitioner asserted that "ICE lie[d] to [him]," and kept him in custody without explanation even though he was eligible for release. *Id.* at 7. Petitioner asked the Court to cancel his deportation, order his release from detention, and allow him to remain in the United States to "reopen [his] immigration case and contact [his] family for support." *Id.*

On November 4, 2020, ICE removed Petitioner from the United States to the Czech Republic. ECF 6 at 3; ECF 6-1 at 12.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of

evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis*, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

### III.  Discussion

Respondent argues that the Petition should be dismissed because Uherek is no longer in the United States, thus rendering the Petition moot. ECF 6. "A foundational principle of Article III [of the Constitution] is that 'an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'" *Trump v. New York*, ___ U.S. ___,141 S. Ct. 530, 534 (2020) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013)); *see also, e.g.*, *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Honig v. Doe*, 484 U.S. 305, 317 (1988). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007) (per curiam); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005) (per curiam); *Dawodu v. Bounds*, RDB-20-2257, 2020 WL 8642120, at *2 (D. Md.

Nov. 30, 2020); *Hernandez v. DHS*, SAG-20-567, 2020 WL 3412989, at *2 (D. Md. June 22, 2020).

Here, Uherek is no longer being detained. Rather, he has been removed to the Czech Republic. Thus, the Court is unable to remedy the grievance presented in his Petition. As the case is now moot, the Court lacks subject matter jurisdiction. Accordingly, the Petition will be dismissed.

### IV. Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court declines to issue a certificate of appealability because Uherek has not made the requisite showing. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### V. Conclusion

For the foregoing reasons, the Petition shall be DISMISSED, as moot. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Date:  April 2, 2021                                            /s/

Ellen L. Hollander
United States District Judge